UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY WASHINGTON aka<br>JAMES SUMMERS, | )<br>)<br>) | Case No.: 1:21 CV 142 |
| Plaintiff, | )<br>) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | )<br>) | |
| OHIO ADULT PAROLE AUTHORITY, | )<br>) | <u>MEMORANDUM OF OPINION</u><br><u>AND ORDER</u> |
| Defendant. | ) | |

*Pro se* Plaintiff Bobby Washington aka James Summers filed this action against the Ohio Adult Parole Authority ("OAPA"). In the Complaint, Plaintiff asserts that the State of Ohio did not give him credit toward his supervised release for time he spent in prison in Michigan on a new charge. He contends that his sentence in Ohio would be completed if the credit for time served in Michigan had been applied. He claims the OAPA violated his Fifth, Eighth, and Fourteenth Amendment rights. He seeks to withdraw his guilty plea and be released from his Ohio sentence. He also seeks monetary damages for losses incurred as a result of his return to prison.

**Background**

The allegations in Plaintiff's Complaint are limited so it is difficult to determine the factual basis for his claims. It appears that Plaintiff is alleging he was on supervised release from sentences imposed in both Michigan and Ohio. He was arrested in Michigan and charged with a new offense.

At that time, his parole was revoked in Michigan. He alleges that Ohio issued a detainer but declined to conduct its own parole revocation hearing. He contends he was therefore still on supervised release from Ohio even though he was incarcerated in Michigan. It appears Plaintiff was convicted in Michigan and spent approximately three years in prison on that charge. He claims that because his supervised release had never been revoked in Ohio, he completed his Ohio sentence during his incarceration in Michigan. He subsequently was returned to Ohio where he discovered that he was not credited for the time served in Michigan. Plaintiff was sent to prison in Ohio, possibly for violating the terms of his supervised release. He claims he is being held beyond his sentence. He asks that he be allowed to withdraw his guilty plea, although it is not clear which guilty plea he would like to withdraw, and that he be released from prison. He also seeks damages for losses sustained when he went to prison.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

To the extent Plaintiff seeks release from prison and withdrawal of his guilty plea, he cannot proceed in a civil rights action. For that purpose, his sole remedy is a Petition for a Writ of Habeas Corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent he seeks damages for injuries that are the result of what he claims is an unlawful incarceration, he also cannot proceed with a civil rights action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under 42 U.S.C. § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, Plaintiff's claim that his Ohio sentence should have been credited for the time he served in Michigan would affect the fact and duration of his incarceration in Ohio. To proceed with this civil rights action for damages, he must therefore demonstrate that his continued incarceration was set aside by an Ohio court or by a Federal Court reviewing a Habeas Petition. He has not done so. In fact, Plaintiff is incarcerated in the Grafton Correctional Institution. He therefore cannot proceed with this claim for damages.

Finally, he cannot proceed with claims for damages against the OAPA. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 3, 2021

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

5